IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MONICA WILSON                                                                    PLAINTIFF

vs.                                                        CIVIL ACTION NO. 3:12-cv-0026-SAA

COMMISSIONER OF SSA                                                              DEFENDANT

<u>MEMORANDUM OPINION</u>

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff filed her application for SSI on September 23, 2008, alleging disability beginning August 1, 2004. Docket 10, pp. 80-83. The Commissioner denied her application initially on February 17, 2009 and upon reconsideration on May 15, 2009. Docket 10, pp. 44, 45. Plaintiff filed a request for a hearing on September 21, 2009. Docket 10, p.56. An administrative hearing was held in Tupelo, Mississippi before an Administrative Law Judge (ALJ) on January 6, 2011. Docket 10, p. 29-42. The ALJ issued an unfavorable decision on January 24, 2011 (Docket 10, p. 13- 24) and, after reviewing additional information submitted by the plaintiff, the Appeals Council denied her request for a review. Docket 10, p. 5-8. Plaintiff filed the instant appeal and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

<u>I. FACTS</u>

Plaintiff was born on July 30, 1989. Docket 10, p. 18. Plaintiff was twenty one years old on the date of the hearing before the ALJ. Docket 10, p. 32-33. She has a ninth grade education

and is working toward a GED. Docket 10, p. 106. The ALJ found that plaintiff had no past relevant work experience. Docket 10, p. 22, 345. She claimed disability due to bipolar disorder and panic attacks. Docket 10, p. 101.

SSA sent plaintiff a very explicit letter on September 25, 2009, advising her that she had a right to representation, enclosing a brochure with very thorough explanation of her rights and options. The ALJ sent her another, similar letter on November 4, 2010 with the same information. Finally the ALJ once again informed plaintiff at the hearing on January 6, 2011 of her right to representation by an attorney for her hearing. Docket 10, pp. 57-61, 62-63, 64-71, 31. Plaintiff, who was not represented by an attorney at the hearing, responded that she wished to proceed with the hearing. The hearing began at 9:19 a.m. and concluded at 9:32 a.m. Docket 10, pp. 29 - 42. Plaintiff and a Vocational Expert (VE), David Horne, testified at the hearing. *Id.*

The ALJ determined that plaintiff's "anxiety/panic disorder" was a "severe" impairment, but that her other claimed impairments were not severe "within the meaning of 20 C.F.R. §§ 404.1521 and 404.921." Docket 10, p. 18-20, Finding No. 2. The ALJ further found that plaintiff's anxiety/panic disorder, considered singly and in combination with other complaints, did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. §§ 404.920(d), 404.925 and 404.926). Docket 10, p. 20- 21, Finding No. 3. After considering the entire record as a whole, and relying in part on Dr. Scates's Mental Residual Functional Capacity assessment, the ALJ concluded that plaintiff

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Despite an anxiety/panic disorder, she can understand, remember and carry out simple instructions and perform simple repetitive tasks. [Plaintiff] can attend to these

> tasks for 2 hour periods at a time. She should not be around crowds of 10 to 20 people. She can have occasional interaction with the general public. Her judgment is fair and she can adapt to simple gradually introduced changes adequately. She can work no high stress conflict oriented jobs.

Docket 10, p. 21, Finding No. 4.

The ALJ went on to find the plaintiff's subjective complaints and hearing testimony for the period under consideration "less than fully credible." Docket 10, p. 23. In support of his credibility assessment, the ALJ noted that the plaintiff's testimony regarding physical effect of her weight and her interactions with strangers and crowds was inconsistent and wholly unsupported by the record and found that plaintiff's lack of ongoing mental health counseling belied her claims. *Id.* In light of testimony by the VE, the ALJ held that plaintiff's "severe" impairment did not prevent her from performing work-related activities as a janitor/cleaner, or other such work existing in significant numbers in the national economy [Docket 10, p. 23, Finding No. 9], and plaintiff therefore was "not disabled" under the Act. Docket 10, p. 23, 24.

After the ALJ's decision, the plaintiff submitted additional evidence to the Appeals Council, including medical evidence from J. Jolene Bailey, Ph.D. dated 11-09-04 to 05-03-06. Docket 10, p. 8. After reviewing the additional evidence submitted by the plaintiff, the Appeals Council denied plaintiff's request for review and concluded that the additional information did not provide a basis for changing the ALJ's decision. Docket 10, p. 7-9.

On appeal plaintiff makes three arguments: (1) the ALJ improperly advised her about her right to an attorney; (2) he overlooked plaintiff's limited intelligence, education and mental problems in his determination that she was not disabled; and (3) he failed to develop the record adequately. Docket 15.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three, the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she

---

[1] *See* 20 C.F.R. §416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §416.920(b) (2010).

[4] 20 C.F.R. §416.920(c) (2010).

[5] 20 C.F.R. §416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §416.920(e) (2010).

[7] 20 C.F.R §416.920(g) (2010).

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the ALJ's conclusions. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v.*

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

*Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

III. DISCUSSION

The plaintiff did not engage in substantial gainful activity after the date she filed her application, satisfying step one. Docket 10, p. 18. The ALJ found at step two that plaintiff's anxiety/panic disorder was a severe impairment [Docket 10, pp. 18-20] and, at step three, that the plaintiff's impairments did not meet the stringent requirements set out in the listings.[11] Docket 10, pp. 20-21. Next, the ALJ determined that the plaintiff had the residual functional capacity for a full range of at all exertional levels but with several specific non-exertional limitations [Docket 10, pp. 21-22], though he found that the plaintiff's subjective statements were "less than fully credible." Docket 10, p. 22. At step four, the ALJ found that the plaintiff had no prior relevant work experience. Docket 10, p. 22. At step five, relying on the testimony of the VE, the ALJ determined that because plaintiff could perform work existing in significant numbers in the national economy [Docket 10, p. 23], plaintiff was not disabled. Docket 10. Pp. 23-24.

1. Right to Counsel

A claimant at a Social Security hearing has a statutory right to counsel. 42 U.S.C. § 406; *Clark v. Schweiker,* 652 F.2d 399, 403 (5th Cir. Unit B July 1981); *Norden v. Barnhart,* 77 Fed. Appx. 221, 223 (5th Cir.2003). The claimant must be notified of this right. *Clark,* 652 F.2d at

---

[11] Plaintiff must prove by objective medical evidence at step three that her impairment, either singly or in combination with other impairments, meets the stringent requirements set out in the listings. *Selders v. Sullivan*, 914 F.2d 614, 617, 619 (5th Cir. 1990), citing *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891-92 (1990) (claimant bears the burden of proof to show medical findings that she meets each element of the listing).

403. "[N]otice should generally be provided in writing prior to a hearing. The ALJ should then provide oral notification at the hearing to ensure that a claimant who appears pro se . . . has been made aware of the options for obtaining counsel so that her or his waiver is knowingly and intelligently effected." *Gullett v. Chater,* 973 F.Supp. 614, 621 (E.D.Tex.1997) (citation omitted); *see also Norden,* 77 Fed. Appx. at 223. The magistrate judge in *Gullett* opined that an ALJ should also inquire whether the claimant had a meaningful opportunity to secure counsel and, if not, consider adjourning the hearing to provide that opportunity. *Gullett*, 973 F. Supp at 621.

A claimant may waive her statutory right to counsel if she possesses adequate information to enable her "to decide intelligently whether to retain counsel or proceed pro se." *Norden,* 77 Fed. Appx. at 223. However, "[i]f inadequate notice was provided concerning the scope of the claimant's right, [the] waiver will be deemed invalid." *Gullett v. Chater,* 973 F.Supp. 614, 620 (E.D.Tex.1997). Thus, the ALJ must notify claimants of (1) "the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation of attorney fees to twenty-five percent of past due benefits and the required court approval of the fees." *Id.*, citing *Clark v. Schweiker,* 652 F.2d 399, 403 (5th Cir.1981); *see Norden,* 77 Fed. Appx. at 223.

Nevertheless, an invalid waiver of the right to counsel, by itself, will not merit reversal of an ALJ's decision. *Castillo v. Barnhart,* 325 F.3d 550, 552 (5th Cir.2003). A claimant must also show she suffered prejudice or unfairness because of the lack of counsel, *Clark*, 652 F.2d at 399, or produce evidence that "would have been adduced ... that could have changed" the ALJ's decision if the claimant had been represented by counsel. *Johnson v. Astrue,* 326 Fed. Appx. 737, 740. (5th Cir.2009) (stating if Johnson had counsel and counsel had called witnesses to

7

corroborate the severity of his symptoms, this could have changed the ALJ's decision); *see also*

*Castillo,* 325 F.3d at 552.

In this case, it is undisputed that plaintiff was notified of her right to representation, and she does not challenge the adequacy of the pre-hearing notice. However, plaintiff argues that her waiver of counsel was invalid because at the hearing the ALJ improperly apprised her of how a lawyer could have assisted her at the hearing. At the beginning of the hearing the ALJ had the following exchange with the plaintiff:

> ALJ: Now before the hearing, we sent you a notice of hearing, we sent you a letter explaining you have a right to be represented by an attorney or qualified representative of your choice. Told you of the list of agencies that would represent you free of charge if you qualify and we would give you the number if you need them. Did you receive our letters?
> CLMT: Yes, sir.
> ALJ: Okay. A representative may help you find additional evidence, examine witnesses, and submit arguments, but you're not required to have a representative. Do you understand your right to an attorney and qualified representative?
> CLMT: What is that?
> ALJ: A lawyer.
> CLMT: Oh, okay.
> ALJ: Do you wish to proceed with the hearing today?
> CLMT: Yes, sir.
> ALJ: Very good. All right.

Docket 10. P. 27. It is clear that the ALJ did not explain to plaintiff at the hearing (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation of attorney fees to twenty-five percent of past due benefits and the required court approval of the fees. Neither party, however, disputes that this information is clearly detailed in the two separate notices that the plaintiff received in the mail before the hearing. *See* Docket 10, pp. 57-61, 62-63, 64-71, 31; *Clark v. Schweiker,* 652 F.2d 399, 403. Assuming plaintiff's waiver of her right to counsel was invalid, she still must

show prejudice by "pointing to evidence that would have been adduced and that could have changed the result had [the claimant] been represented by counsel." *Brock,* 84 F.3d at 729, n. 1 (5th Cir.1996). Plaintiff has not presented any such proof.

This case is factually similar to the case of *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003.). In *Castillo*, the plaintiff acknowledged that she was told that she could be represented during the proceedings by an attorney, but she asserts that she was not adequately informed of relevant facts related to obtaining a representative. *Id*. The Fifth Circuit concluded that "the numerous written notices Castillo received – along with the ALJ's reminder to Castillo at the hearing of her right to counsel – sufficiently informed her of her right to an attorney, and that she validly consented to proceed without representation." *Id.* Furthermore, the court held that "even if Castillo had validly waived her right to an attorney, she 'point[ed] to no evidence that would have been adduced and that could have changed the result had' [she] been represented by an attorney, and therefore has not demonstrated that she was prejudiced due to the absence of counsel at the hearing." *Id.*

In this case, it is clear that plaintiff received at least two notices before the hearing explaining her right to representation, the benefits of such representation and the likely cost. At the hearing itself, he ALJ discussed with her, albeit briefly, her right to have a lawyer. The plaintiff now argues that because of her lack of education she did not completely understand the notices or what the ALJ was saying. However, there is no evidence in the record to demonstrate that had she had an attorney at the hearing that she would have obtained a different result. Further, other than the medical evidence from J. Jolene Bailey, Ph.D., dated 11-09-04 to 05-03-

06, which was presented to the Appeals Council, plaintiff has brought forth no evidence[12] to attempt to demonstrate that the decision might be different had she been represented by counsel at the hearing. The proffered records predate the allowable onset date by years and are contradicted by later records which the ALJ did have before him. The Appeals Council found no basis for changing the ALJ's decision. The plaintiff's own conjecture and unsupported assertions are insufficient to show she was prejudiced by the absence of counsel at the hearing. Without clear evidence or a proffer from plaintiff as to what evidence might have been adduced by an attorney, the court finds that the plaintiff has failed to meet her burden under this argument.

    2.    <u>Evaluation of Plaintiff's Limited Intelligence in Determining RFC</u>

The ALJ is responsible for determining the plaintiff's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making that determination the ALJ must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record and determine the plaintiff's ability despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The assessment of a claimant's work capacity is reserved solely to the ALJ. *Ripley* 67 F.3d at 557*; see also* Social Security Ruling 96-8p. Unless he ignored evidence, misapplied the law or judged matters entrusted to experts, the ALJ's findings of fact are conclusive when supported by substantial evidence. *Id.; see also* 42 U.S.C 405(g).

---

[12] Plaintiff saw J. Jolene Bailey, Ph.D. several times from November 2004 to June 2006. Docket 10, 317-345. Plaintiff's counsel presented medical records from Dr. Bailey to the Appeals Council, which found that the reports did not provide a basis for altering the ALJ's decision. Docket 10, pp. 5-10.

In this case, the ALJ found that the plaintiff had a severe impairment of anxiety/panic disorder [Docket 10, pp. 18-20, Finding No. 2], a limited education (ninth grade) and was still working toward her GED. Docket 10, pp. 19, 22, Finding No. 7. The ALJ specifically included plaintiff's mental limitations in the non-exertional limitations contained in his RFC determination:

> Despite an anxiety/panic disorder, <u>she can understand, remember and carry out simple instructions and perform simple repetitive tasks. [Plaintiff] can attend to these tasks for 2 hour periods at a time.</u> She should not be around crowds of 10 to 20 people. She can have occasional interaction with the general public. <u>Her judgment is fair and she can adapt to simple gradually introduced changes adequately</u>. She can work no high stress conflict oriented jobs.

Docket 10, p. 21, Finding No. 4 (emphasis added by the court). In making this finding, the ALJ discussed Dr. Michael Whelan's medical report in detail and afforded it "some weight." Docket 10, p. 19.

Plaintiff argues that the ALJ overlooked statements in Dr. Whelan's report that indicate plaintiff has had "trouble learning all her life" and that plaintiff's mother put her in "a 'white Christian school' (the claimant is black) so [plaintiff] could work at her own pace" and avoid "special education [classes] in the public school program. . . ." Docket 10, p. 251. Dr. Whelan diagnosed plaintiff with "anxiety disorder, not otherwise specified, and depressive disorder, not otherwise specified, as apparently anxiety and depression are fairly effectively treated with medication." Docket 10, p. 253. He stated that she reads on about a "fifth or sixth grade level and probably has borderline intelligence." *Id.* Dr. Whelan also noted the plaintiff's lack of effort on verbal math problems and the notable distraction caused by plaintiff's child presence at the evaluation. *Id.* Dr. Whelan's findings are consistent with those of Dr. Sharon Scates, Ph.D., the state agency psychologist, who submitted a Psychiatric Review Technique (PRT) and Mental

11

RFC Assessment to which the ALJ granted "substantial weight". Docket 10, pp. 19-20, 246-263.

Contrary to plaintiff's argument, the ALJ clearly considered that plaintiff has a ninth grade education and, at the time of the hearing, was working toward her GED. Docket 10, pp. 19, 22. Further, the portion of Dr. Whelan's report relied upon by plaintiff is the history provided by plaintiff and her mother – not independent, objective findings by Dr. Whelan. Docket 10, p. 251. Although the ALJ did not give great weight to Dr. Whelan's report or the subjective statements contained in it, he did consider other opinion evidence in addition to the medical evidence, as well as a function report submitted by plaintiff's friend, Dessie Akins, and plaintiff's own testimony regarding her condition. *See*, Docket 10, p. 22, pp. 101-107. He gave Dessie Akins's report "some weight," noting that "it is consistent with the claimant's anxiety as obviously being a non-disabling impairment. *Id.* At 22.

The undersigned may review the denial of benefits only to ascertain whether substantial evidence supports the final decision and whether the Commissioner used the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Newton,* 209 F.3d at 452; *Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir.1999). The Commissioner's findings are to be upheld when supported by substantial evidence. *Martinez v. Chater,* 64 F.3d 172, 173. Substantial evidence "is more than a mere scintilla and less than a preponderance." *Newton,* 209 F.3d at 452 (citations omitted). In short, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (citations omitted). After review of the record, it is clear that there exists evidence of plaintiff's limited intelligence and that the ALJ considered all of the evidence before him and his findings and conclusions are well supported by the entirety of the record.

  3.  <u>The ALJ Adequately Developed the Record</u>

The plaintiff argues that even though the ALJ questioned her about treatment for her mental problems, he nevertheless failed to fully and adequately develop the record. In particular, plaintiff contends that the ALJ erred when he did not obtain treatment notes and records from Dr. Jolene Bailey after the plaintiff testified Dr. Bailey treated her for several years. Dr. Bailey's records indicate plaintiff's last visit was two years before plaintiff filed her application for SSI and five years before the hearing. *See* Docket 10, pp. 35-36. As previously noted, the Appeals Council considered Dr. Bailey's treatment records and found that they did not provide a basis for altering the ALJ's decision. Docket 10, pp. 5-10.

An ALJ has a duty to develop fully and fairly the facts relating to an applicant's claim for disability benefits. *Ripley,* 67 F.3d at 557. Although charged with this duty, particularly in light of the fact that plaintiff was not represented by counsel at the hearing, the ALJ's failure to contact Dr. Bailey is only reversible error if the plaintiff was prejudiced or plaintiff demonstrates that had the ALJ obtained the records, they "could and would have adduced evidence that might have altered the result." *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir.1984).

In *McConnell v. Schweiker*, 655 F.2d 604, 605 (5th Cir. 1981), the *pro se* claimant's application for SSI was denied, and he appealed arguing *inter alia* that the ALJ failed to develop the record. *Id.* The Fifth Circuit held that despite McConnell's unrepresented status at the hearing, conflicting medical evidence in the record and no medical experts testimony at the hearing, the ALJ's decision should be affirmed because substantial evidence supported the ALJ's decision, and "[s]ome evidence does not support the ALJ's decision, but substantial evidence does. *Id.*

In this case, the record contains ample medical evidence, opinion evidence, testimony

13

from the plaintiff and a VE that support the ALJ's decision. In the court's view, Dr. Bailey's records do not reveal substantive information that would have or could have altered the ALJ's decision. In fact, their contents are very much in line with the existing evidence. Because plaintiff has not provided evidence that supports reversal of the ALJ's decision, the court concludes that the ALJ's decision should be affirmed.

## IV. CONCLUSION

After a review of the record, this court is of the opinion that the ALJ's decision was supported by substantial evidence, and should be affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 6th day of November, 2012.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE